Troutman Sanders LLP
875 Third Avenue
New York, New York 10022

troutman.com



**Stephen J. Steinlight**
D 212.704.6008
F 212.704.6288
stephen.steinlight@troutman.com

December 19, 2017

**VIA ECF**
Judge LaShann DeArcy Hall
United State District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     ***Stewart v. Portfolio Recovery Associates, LLC,* Case No.: 1:17-cv-04512-LDH-JO**
**Letter Request for Pre-Motion Conference Seeking Consolidation with**
*Stewart v. Portfolio Recovery Assocs.,* LLC, 1:17-cv-05066-SJ-SMG;
*Stewart v. Portfolio Recovery Assocs., LLC,* 1:17-cv-05120-FB-VMS; and
*Stewart v. Portfolio Recovery Assocs., LLC,* 1:17-cv-05617-DLI-CLP.

Dear Judge DeArcy Hall:

On behalf of Portfolio Recovery Associates, LLC ("PRA"), I write in accordance with Your Honor's individual motion practice and rules to respectfully request a pre-motion conference regarding the consolidation of this action pursuant to Fed. R. Civ. P. 42 with three nearly identical class actions subsequently filed by Plaintiff in this Court.  PRA further seeks leave to request a stay in this action, as well as any consolidated matters, pending the Second Circuit's ruling in *Derosa v. CAC Fin. Corp.*, 16-CV-1472, 2017 U.S. Dist. LEXIS 162415 (E.D.N.Y. Sept. 29, 2017), *appeal docketed*, 17-3189 (2d Cir. Oct. 4, 2017) and *Taylor v. Fin. Recovery Servs.*, 252 F. Supp. 3d 344 (S.D.N.Y. 2017), *appeal filed*, 17-1650 (2d Cir. Nov. 3, 2017).[1]

This case is one of four putative class actions Plaintiff filed against PRA in this Court asserting the same FDCPA violations.  The three other matters pending in the Eastern District of New York are *Stewart v. PRA*, 1:17-cv-05066-SJ-SMG ("Stewart II"); *Stewart v. PRA*, 1:17-cv-05120-FB-VMS ("Stewart III") and *Stewart v. PRA,* 1:17-cv-05617-DLI-CLP ("Stewart IV").

All the complaints assert similar claims regarding language in PRA's collection letters.  Pursuant to Fed. R. Civ. P. 42, PRA respectfully requests that this Court consolidate these actions and stay them.  Fed. R. Civ. P. 42 permits a Court to consolidate separate matters if the actions "involve a common question of law or fact . . ."  In determining whether consolidation is appropriate, a court must consider whether "the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.  *Johnson v. Celotex Corp.,* 899 F.2d 1281, 1285 (2d Cir. 1990) (citing *Hendrix v. Raybestos-Manhattan, Inc.,* 776 F.2d 1492 (11th Cir. 1985)).

---

[1] To the extent the Court declines to consolidate the matters, PRA still requests the Court enter a stay in the instant matter for the reasons discussed herein.



Here, Stewart filed four class actions against PRA. Each Complaint relates to letters sent in connection with a Capital One account and each Complaint contains similar allegations and nearly identical class definitions. The classes are defined as follows:

**Stewart I, Case No. 1:17-cv-04512 Class Definition (Dkt. No. 10) (attached hereto as Ex. A):**

I. "(a) all natural persons (b) who received a letter from PRA dated between March 9, 2016 and the present to collect a past due debt, (c) in a form materially or substantially similar to Exhibit A; and/or

II. (a) all natural persons (b) who received a letter from PRA dated between March 9, 2016 and the present to collect a past due debt regarding a credit card account, (c) where, as regards the amount of the debt set forth in the letter, the letter set forth nothing beyond the current amount or Total Now Due of the past due debt."

**Stewart II, Case No. 1:17-cv-05066 Class Definition (Dkt. No. 9) (attached hereto as Ex. B):**

I. "(a) all natural persons (b) who received a letter from PRA dated between April 7, 2016 and the present to collect a past due debt, (c) in a form materially or substantially similar to Exhibit A; and/or

II. (a) all natural persons (b) who received a letter from PRA dated between April 7, 2016 and the present to collect a past due debt regarding a credit card account, (c) where, as regards the amount of the debt set forth in the letter, the letter set forth nothing beyond the current amount or Total Now Due of the past due debt."

**Stewart III, Case No. 1:17-cv-05120 Class Definition (Dkt. No. 8) (attached hereto as Ex. C):**

I. "(a) all natural persons (b) who received a letter from PRA dated between April 14, 2016 and the present to collect a past due debt, (c) in a form materially or substantially similar to Exhibit A; and/or

II. (a) all natural persons (b) who received a letter from PRA dated between April 14, 2016 and the present to collect a past due debt regarding a credit card account, (c) where, as regards the amount of the debt set forth in the letter, the letter set forth nothing beyond the current amount or Total Now Due of the past due debt."

**Stewart IV, Case No. 1:17-cv-05617 Class Definition (Dkt. No. 8) (attached hereto as Ex. D):**

I. "(a) all natural persons (b) who received a letter from PRA dated between May 12, 2016 and the present to collect or in connection with the collection of a past due debt, (c) in a form materially identical or substantially similar to Exhibit A; and/or

II. (a) all natural persons (b) who received a letter from PRA dated between May 12, 2016 and the present to collect a past due debt or in connection with the collection of a past due debt regarding a credit card account, (c) where, as regards the amount of debt set forth in the letter, the letter set forth nothing beyond the current amount or balance of the past due debt."



Each case involves common factual and legal issues, the same parties and almost identical class definitions; therefore, consolidation is appropriate. *See Mellon v. Monarch Recovery Mgmt.,* No. 17-cv-2695, 2017 U.S. Dist. LEXIS 175111 (E.D.N.Y. Oct. 17, 2017) (consolidating three FDCPA class actions that presented questions of law and fact common to each of the cases); *see also Campo v. Nat'l Creditors Connection, Inc.,* No. 12 CV 1405 (DRH) (SIL), 2014 U.S. Dist. LEXIS 165401, at *4 (E.D.N.Y. Nov. 25, 2014) (consolidating two FDCPA class actions where the "facts alleged and legal issues raised . . . [were] virtually the same[]" despite the fact that the actions had different time periods in their class definitions and were brought by two different Plaintiffs). Moreover, consolidation would eliminate the "risk of inconsistent adjudications of common factual and legal issues" and would increase judicial economy and efficiency. *Mellon,* 2017 U.S. Dist. LEXIS 175111, at *5-6 (quoting *Johnson v. Celotex Corp.,* 899 F.2d 1281, 1285 (2d Cir. 1990)) (internal quotation marks omitted).[2]

**PRA's Anticipated Motion to Stay**

In addition to consolidating the actions, PRA requests the Court stay the cases pending the appeals in *Derosa* and *Taylor.* Under appropriate circumstances — all of which exist here — a court may stay one case pending the outcome of another. *Acton v. Intellectual Capital Mgmt.,* 15-CV-4004(JS)(ARL), 2015 U.S. Dist. LEXIS 172149, at *6-7 (E.D.N.Y. Dec. 28, 2015); *see also United States v. Town of Oyster Bay,* 66 F. Supp. 3d 285, 290 (E.D.N.Y. 2014) (stay appropriate pending decision from higher court on same legal issues); *Trikona Advisors Ltd. v. Kai-Lin Chuang,* No. 12-CV-3886, 2013 U.S. Dist. LEXIS 40382, at *6–7 (E.D.N.Y. Mar. 20, 2013) (granting stay where resolution of a pending matter would "likely heavily bear on the outcome of the instant case."). "In determining whether to enter a stay, the court considers: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Acton*, 2015 U.S. Dist. LEXIS 172149, at *5–6 (internal quotations omitted).

Here, each case filed by Stewart raises the same issues being considered on appeal in *Derosa* and *Taylor.* Because the outcome in these appeals before the Second Circuit will be potentially dispositive of all four cases pending in this Court, a stay is appropriate. Moreover, a stay will not prejudice Plaintiff, who seeks no injunctive relief but only statutory damages. In contrast, failure to grant a stay would prejudice PRA and potentially waste scarce judicial resources by requiring the parties to pursue litigation on an uncertain legal landscape, with the possibility of being forced to re-litigate the legal issues involved once the Second Circuit has spoken.

We thank the Court for its consideration of this application.

---

[2] PRA has separately moved to dismiss each Complaint; however, no Court has ruled on the motions and Plaintiff has not yet filed oppositions to the motions in Stewart II and Stewart IV.



Respectfully submitted,

*Stephen J. Steinlight*
Stephen J. Steinlight

cc:     All Counsel of Record (via ECF)
        Judge Sterling Johnson, Jr. (notice copy)
        Judge Frederic Block  (notice copy)
        Judge Dora L. Irizarry (notice copy)

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

JAMES STEWART,                                }
ON BEHALF OF HIMSELF AND                      }
ALL OTHERS SIMILIARLY SITUATED,               }
                                              **}**
                              Plaintiff,       }        Civil Action, File No.
                    v                          }        1:17-cv-04512-LDH-JO
                                              }
PORTFOLIO RECOVERY ASSOCIATES, LLC,           }
                                              }
                              Defendant.       }

## COMPLAINT

## DEMAND FOR TRIAL BY JURY

Plaintiff, James Stewart [hereinafter "Stewart"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendant, Portfolio Recovery Associates, LLC ("PRA"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on PRA's regular transaction of business within this district.  Venue in this district also is proper based on PRA possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district.  PRA also derives substantial revenue from services rendered in this district.  The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this

Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Stewart is a natural person residing at 3216 Crescent Street, Apt. L3, Astoria, NY  11106.

6. Stewart is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about March 9, 2016, PRA sent Stewart the letter annexed as Exhibit A.  Stewart received and read Exhibit A.  For the reasons set forth below, Stewart's receipt and reading of Exhibit A deprived Stewart of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, PRA sent Exhibit A to Stewart in an attempt to collect a past due debt.

9. The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued a credit card account by HSBC Bank Nevada N.A. for his individual use, individually incurring charges by using the credit card account for personal, family or household purposes, and then, as an individual, failing to pay for these charges.  PRA, via Exhibit A, attempted to collect this past due debt from Stewart in his individual capacity; and Exhibit A did not refer to any kind of business associated with the account.   Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. PRA is a Delaware Domestic Limited Liability Corporation and a New York Foreign Limited Liability Corporation.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection

Agency License from the New York City Department of Consumer Affairs.  PRA possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

12. Based upon Exhibit A and upon PRA possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of PRA is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone.

13. On Exhibit A, PRA identifies itself as a "debt collector".  Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt' or in connection with the collection of a "debt".

14. Based upon the allegations in the above three paragraphs, PRA is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

15. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

16. Exhibit A set forth a "Total Now Due" of $2,814.72.

17. Any "Total Now Due" resulted from an agreement between Stewart and HSBC Bank Nevada N.A.; and this agreement was set forth in and formed via a contract, a set of terms and conditions, and/or account statements.

18. Pursuant to the aforementioned agreement, interest, late charges, and/or other charges continued to accrue and continued to be owed to HSBC Bank Nevada N.A. and any assignee or successor-in-interest such as PRA on any "Total Now Due" due but unpaid to HSBC Bank Nevada N.A. and any assignee or successor-in-interest such as PRA.

19. Pursuant to the aforementioned agreement, HSBC Bank Nevada N.A. and any assignee or successor-in-interest such as PRA had a legal right at any time to collect from Stewart the aforementioned interest, late charges, and/or other charges which had continued to accrue and continued to be owed to HSBC Bank Nevada N.A. and any assignee or successor-in-interest such as PRA on any "Total Now Due" due but unpaid to HSBC Bank Nevada N.A. and any assignee or successor-in-interest such as PRA.

20. The aforementioned right to collect from Stewart the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Now Due" is not waived by HSBC Bank Nevada N.A. or any assignee or successor-in-interest such as PRA as a result of a failure by either HSBC Bank Nevada N.A. and any assignee or successor-in-interest such as PRA at any point in time to attempt to collect from Stewart the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Now Due".

21. On the date of Exhibit A, PRA may not have had any intention of seeking from Stewart the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Now Due".  However, at any time after the date of Exhibit A, PRA had the right to seek from Stewart the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Now Due".  In the alternative, at any time after the date of Exhibit A, PRA had the right to sell Stewart's debt to a party who then would exercise the aforementioned right to seek from Stewart the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Now Due".

22. For the above reasons, at any time after the date of Exhibit A, the "Total Now Due" from Stewart and/or the "Total Now Due" sought from Stewart may have increased due to the

aforementioned accrued interest, late charges, and/or other charges. However, Exhibit A did not explain whether interest, or new fees or costs are accruing; and Exhibit A did not set forth what Stewart would need to pay to resolve the debt at any given moment in the future, and did not set forth an explanation of any fees and interest that would cause the "Total Now Due" of $2,814.72 to increase.

23. For the above reasons, Exhibit A did not set forth the amount of the "debt". Carlin v. Davidson Fink LLP No. 15-3105-cv (2nd Cir., 2017); and Balke v. Alliance One Receivables Mgmt., Inc. 16-cv-5624(ADS)(AKT) (E.D.N.Y., 2017).

24. For the above reasons, as a result of the aforementioned omissions from Exhibit A, Defendant violated 15 USC § 1692g(a)(1) by sending Exhibit A to Stewart.

**SECOND CAUSE OF ACTION-CLASS CLAIM**

25. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

26. Exhibit A set forth a "Total Now Due" of $2,814.72.

27. Any "Total Now Due" resulted from an agreement between Stewart and HSBC Bank Nevada N.A.; and this agreement was set forth in and formed via a contract, a set of terms and conditions, and/or account statements.

28. Pursuant to the aforementioned agreement, interest, late charges, and/or other charges continued to accrue and continued to be owed to HSBC Bank Nevada N.A. and any assignee or successor-in-interest such as PRA on any "Total Now Due" due but unpaid to HSBC Bank Nevada N.A. and any assignee or successor-in-interest such as PRA.

29. Pursuant to the aforementioned agreement, HSBC Bank Nevada N.A. and any assignee or successor-in-interest such as PRA had a legal right at any time to collect from Stewart

the aforementioned interest, late charges, and/or other charges which had continued to accrue and continued to be owed to HSBC Bank Nevada N.A. and any assignee or successor-in-interest such as PRA on any "Total Now Due" due but unpaid to HSBC Bank Nevada N.A. and any assignee or successor-in-interest such as PRA.

30. The aforementioned right to collect from Stewart the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Now Due" is not waived by HSBC Bank Nevada N.A. or any assignee or successor-in-interest such as PRA as a result of a failure by either HSBC Bank Nevada N.A. and any assignee or successor-in-interest such as PRA at any point in time to attempt to collect from Stewart the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Now Due".

31. On the date of Exhibit A, PRA may not have had any intention of seeking from Stewart the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Now Due".  However, at any time after the date of Exhibit A, PRA had the right to seek from Stewart the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Now Due".  In the alternative, at any time after the date of Exhibit A, PRA had the right to sell Stewart's debt to a party who then would exercise the aforementioned right to seek from Stewart the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Now Due".

32. For the above reasons, at any time after the date of Exhibit A, the "Total Now Due" due from Stewart and/or the "Total Now Due" sought from Stewart may have increased due to the aforementioned accrued interest, late charges, and/or other charges.  However, Exhibit A failed to notify Stewart that her "Total Now Due" may increase due to the

aforementioned accrued interest, late charges, and/or other charges.

33. For the above reasons, as a result of the aforementioned omission from Exhibit A, Defendant violated 15 USC § 1692g(a)(1) and 15 USC § 1692e by sending Exhibit A to Stewart.

### THIRD CAUSE OF ACTION-CLASS CLAIM

34. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

35. Exhibit A sets forth a "Total Now Due" of $2,814.72.

36. Exhibit A does not set forth that the "Total Now Due" of $2,814.72 may increase due to interest, late charges, and/or other charges.

37. Since Exhibit A does not set forth that the "Total Now Due" of $2,814.72 may increase due to interest, late charges, and/or other charges, "the least sophisticated consumer" could read Exhibit A as meaning that the "Total Now Due" of $2,814.72 was static and that their payment of $$2,814.72 would satisfy the debt irrespective of when the payment was remitted.

38. NY CPLR 5001(a) provides as follows:

> "Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion."

39. "[A]n award of pre-decision or pre-verdict interest pursuant to CPLR 5001 on a damages award on a cause of action to recover damages in quantum meruit is mandatory, as it would be on a damages award on a cause of action to recover damages for breach of contract (*citations omitted*)".  Tesser v. Allboro Equip. Co., 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y.

App. Div., 2010) and <u>Lee v. Joseph E. Seagram & Sons, Inc.</u>, 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

40. Stewart owed this past due debt under a theory of contract or quantum meruit and therefore NY CPLR 5001 is applicable to the past due debt set forth in Exhibit A.

41. NY CPLR 5001(b) provides as follows:

> "Interest shall be computed from the earliest ascertainable date the cause of action existed…"

42. Based on the debt being undisputed and the nature of the debt and the date of default, as regards the past due debt set forth in Exhibit A, PRA had a guaranteed right to interest on the "Total Now Due" of $2,814.72 from the date of Exhibit A or an earlier date.  NY CPLR 5001 (a) and (b), <u>Tesser v. Allboro Equip. Co.</u>, 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010), <u>Leroy Callender, P.C. v. Fieldman</u>, 676 N.Y.S.2d 152,154, 252 A.D.2d 468 (N. Y. A. D. 1 Dept., 1998), and <u>Lee v. Joseph E. Seagram & Sons, Inc.</u>, 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

43. Based on the above, the "Total Now Due" of $2,814.72 set forth in Exhibit A was not static.  Instead, interest was in fact accruing and owed on the "Total Now Due" of $2,814.72 set forth in Exhibit A from the date of Exhibit A or earlier than the date of Exhibit A.

44. Based on the above, at any time after the date of Exhibit A, PRA had the right to take the required actions to seek the aforementioned interest that was accumulating after Exhibit A was sent but before the "Total Now Due" of $2,814.72 set forth in Exhibit A was paid.

45. In the alternative, at any time after the date of Exhibit A, PRA had the right to sell Stewart's debt to a third party and based on the above such third party could take the required actions to seek the interest that accumulated after Exhibit A was sent but before the "Total Now Due" of $2,814.72 set forth in Exhibit A was paid.

46. For the above reasons, at any time after the date of Exhibit A, the "Total Now Due" due from Stewart and/or the "Total Now Due" sought from Stewart may have increased due to the aforementioned accrued interest.

47. For the above reasons, as a result of the aforementioned omissions from Exhibit A, Defendant violated 15 USC § 1692g(a)(1) and 15 USC § 1692e by sending Exhibit A to Stewart.

## FOURTH CAUSE OF ACTION-CLASS CLAIM

48. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

49. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## FIFTH CAUSE OF ACTION-CLASS CLAIM

50. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

51. Exhibit A amounted to an unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 USC 1692f, and/or 15 USC 1692f (1).

## CLASS ALLEGATIONS

52. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

53. The classes consist of:

I.     (a) all natural persons (b) who received a letter from PRA dated between March 9, 2016 and the present to collect a past due debt, (c) in a form materially identical or substantially similar to Exhibit A; and/or

II.    (a) all natural persons (b) who received a letter from PRA dated between March 9, 2016 and the present to collect a past due debt regarding a credit card account, (c) where, as regards the amount of the debt set forth in the letter, the letter set forth nothing beyond the current amount or Total Now Due of the past due debt.

54. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

55. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

56. The predominant common question is whether Defendant's letters violate the FDCPA.

57. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

58. A class action is the superior means of adjudicating this dispute.

59. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against PRA in favor of Plaintiff and the class members for statutory damages, and costs and attorney's fees; and

2.   Any and all other relief deemed just and warranted by this court.

Dated:          October 26, 2017

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 629-7709

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 1 Case 1:17-cv-04512-LDH-JO Document 10-1 Filed 10/26/17 Page 1 of 3 PageID #: 42 RECEIVED NYSCEF: 05/09/2017

# Portfolio Recovery Associates, LLC

March 9, 2016

**Seller:** CAPITAL ONE BANK (USA) N.A.
**Original Creditor:** HSBC Bank Nevada N.A.
**Original Account Number:** 4663040075632964
**Creditor to Whom Debt is Owed:** Portfolio Recovery Associates, LLC.
**Account Number:** 4663040075632964
**Last Payment Date or Default Date:** 11/10/2014

**Total Amount of Debt Due at charge-off:** $2,814.72
 <u>**Total Amount of Transactions since Charge Off:**</u>
   **Interest:** $0.00
   **Non-Interest Charges/Fees or Balance Adjustments:** $0.00
   **Payments:** $0.00
**Total Now Due:** $2,814.72

JAMES K STEWART,

Welcome to Portfolio Recovery Associates, LLC ("PRA, LLC")! We want to help you resolve this account, so call us at 1-800-772-1413 for low payment options. If paying off this debt is difficult for you please call anyway, because we have payment options for almost every budget.

PRA, LLC purchased account 4663040075632964 on 02/22/2016. All future payments and correspondence for this account, including credit counseling service payments, should be directed to: Portfolio Recovery Associates, LLC, P.O. Box 12914, Norfolk, VA 23541. ***Please call Elbony S Benison TOLL FREE at 1-800-772-1413*** to discuss payment arrangements.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

**This communication is from a debt collector and is an attempt to collect a debt.**
**Any information obtained will be used for that purpose.**
**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

01L

DEPT 922    8208547416038

Re: Account Number: 4663040075632964

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:

i.   The use or threat of violence;
ii.  The use of obscene or profane language; and
iii. Repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

1.  Supplemental security income (SSI);
2.  Social security;
3.  Public assistance (welfare);
4.  Spousal support, maintenance (alimony), or child support;
5.  Unemployment benefits;
6.  Disability benefits;
7.  Workers' compensation benefits;
8.  Public or private pensions;
9.  Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days.

| Mail all checks and payments to: | Hours of Operation (EST): |
|---|---|
| Portfolio Recovery Associates, LLC | 8 AM to 11 PM Mon.-Fri. |
| PO Box 12914 | 8 AM to 8 PM Sat. |
| Norfolk, VA 23541 | 11 AM to 11 PM Sun. |
| **Pay us online:** | **E-Mail** |
| www.portfoliorecovery.com | help@portfoliorecovery.com |

**DISPUTES CORRESPONDENCE ADDRESS:** Portfolio Recovery Associates, LLC, Disputes Department, 140 Corporate Boulevard, Norfolk, VA 23502 or E-Mail: PRA_Disputes@portfoliorecovery.com

**COMPANY ADDRESS:** Portfolio Recovery Associates, LLC, 120 Corporate Boulevard, Norfolk, VA 23502

**QUALITY SERVICE SPECIALISTS AVAILABLE Mon. - Fri. 8 AM to 5 PM (EST)**
Not happy with the way you were treated? Our company strives to provide professional and courteous service to all our customers. Contact one of our staff to discuss issues related to our quality of service to you by phone at (866) 925-7109 or by e-mail at qualityservice@portfoliorecovery.com.

**PRIVACY NOTICE:** We collect certain personal information about you from the following sources: (a) information we received from you; (b) information about your transactions with our affiliates, others, or us; (c) information we receive from consumer reporting agencies. We do not disclose any nonpublic personal information about our customers or former customers to anyone, except as permitted by law. We restrict access to nonpublic information about you to those employees and entities that need to know that information in order to collect your account. We maintain physical, electronic and procedural safeguards that comply with federal regulations to guard your nonpublic personal information.

**NOTICE:** If this account is eligible to be reported to the credit reporting agencies by our company, we are required by law to notify you that a negative credit report reflecting on your credit records may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligation.

We are required under state law to notify consumers of the following rights. This list does not include a complete list of rights consumers have under state and federal laws:

**NEW YORK CITY:** City of New York License Numbers 1096994, 1394695, 1394697, 1394696, 1394698, 1394700, 1394699, 1394694.

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

|  |  |  |
|---|---|---|
| JAMES STEWART, | } | |
| ON BEHALF OF HIMSELF AND | } | |
| ALL OTHERS SIMILIARLY SITUATED, | } | |
| | **}** | |
| Plaintiff, | } | Civil Action, File No. |
| v | } | 1:17-cv-05066-SJ-SMG |
| | } | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | } | |
| | } | |
| Defendant. | } | |

## COMPLAINT

## DEMAND FOR TRIAL BY JURY

Plaintiff, James Stewart [hereinafter "Stewart"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendant, Portfolio Recovery Associates, LLC ("PRA"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on PRA's regular transaction of business within this district.  Venue in this district also is proper based on PRA possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district.  PRA also derives substantial revenue from services rendered in this district.  The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this

Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Stewart is a natural person residing at 3216 Crescent Street, Apt. L3, Astoria, NY 11106.

6. Stewart is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

7. On or about April 7, 2016, PRA sent Stewart the letter annexed as Exhibit A. Stewart received and read Exhibit A. For the reasons set forth below, Stewart's receipt and reading of Exhibit A deprived Stewart of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, PRA sent Exhibit A to Stewart in an attempt to collect a past due debt.

9. The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued a credit card account by Capital One Bank (USA) N.A. for his individual use, individually incurring charges by using the credit card account for personal, family or household purposes, and then, as an individual, failing to pay for these charges. PRA, via Exhibit A, attempted to collect this past due debt from Stewart in his individual capacity; and Exhibit A did not refer to any kind of business associated with the account. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. PRA is a Delaware Domestic Limited Liability Corporation and a New York Foreign Limited Liability Corporation.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection

Agency License from the New York City Department of Consumer Affairs.  PRA possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

12. Based upon Exhibit A and upon PRA possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of PRA is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone.

13. On Exhibit A, PRA identifies itself as a "debt collector".  Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt' or in connection with the collection of a "debt".

14. Based upon the allegations in the above three paragraphs, PRA is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

15. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

16. Exhibit A set forth a "Total Now Due" of $910.87.

17. Any "Total Now Due" resulted from an agreement between Stewart and Capital One Bank (USA) N.A.; and this agreement was set forth in and formed via a contract, a set of terms and conditions, and/or account statements.

18. Pursuant to the aforementioned agreement, interest, late charges, and/or other charges continued to accrue and continued to be owed to Capital One Bank (USA) N.A. and any assignee or successor-in-interest such as PRA on any "Total Now Due" due but unpaid to Capital One Bank (USA) N.A. and any assignee or successor-in-interest such as PRA.

19. Pursuant to the aforementioned agreement, Capital One Bank (USA) N.A. and any assignee or successor-in-interest such as PRA had a legal right at any time to collect from Stewart the aforementioned interest, late charges, and/or other charges which had continued to accrue and continued to be owed to Capital One Bank (USA) N.A. and any assignee or successor-in-interest such as PRA on any "Total Now Due" due but unpaid to Capital One Bank (USA) N.A. and any assignee or successor-in-interest such as PRA.

20. The aforementioned right to collect from Stewart the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Now Due" is not waived by Capital One Bank (USA) N.A. or any assignee or successor-in-interest such as PRA as a result of a failure by either Capital One Bank (USA) N.A. and any assignee or successor-in-interest such as PRA at any point in time to attempt to collect from Stewart the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Now Due".

21. On the date of Exhibit A, PRA may not have had any intention of seeking from Stewart the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Now Due".  However, at any time after the date of Exhibit A, PRA had the right to seek from Stewart the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Now Due".  In the alternative, at any time after the date of Exhibit A, PRA had the right to sell Stewart's debt to a party who then would exercise the aforementioned right to seek from Stewart the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Now Due".

22. For the above reasons, at any time after the date of Exhibit A, the "Total Now Due" from Stewart and/or the "Total Now Due" sought from Stewart may have increased due to the

aforementioned accrued interest, late charges, and/or other charges.  However, Exhibit A did not explain whether interest, or new fees or costs are accruing; and Exhibit A did not set forth what Stewart would need to pay to resolve the debt at any given moment in the future, and did not set forth an explanation of any fees and interest that would cause the "Total Now Due" of $910.87 to increase.

23. For the above reasons, Exhibit A did not set forth the amount of the "debt".  Carlin v. Davidson Fink LLP No. 15-3105-cv (2nd Cir., 2017); and Balke v. Alliance One Receivables Mgmt., Inc. 16-cv-5624(ADS)(AKT) (E.D.N.Y., 2017).

24. For the above reasons, as a result of the aforementioned omissions from Exhibit A, Defendant violated 15 USC § 1692g(a)(1) by sending Exhibit A to Stewart.

**SECOND CAUSE OF ACTION-CLASS CLAIM**

25. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

26. Exhibit A set forth a "Total Now Due" of $910.87.

27. Any "Total Now Due" resulted from an agreement between Stewart and Capital One Bank (USA) N.A.; and this agreement was set forth in and formed via a contract, a set of terms and conditions, and/or account statements.

28. Pursuant to the aforementioned agreement, interest, late charges, and/or other charges continued to accrue and continued to be owed to Capital One Bank (USA) N.A. and any assignee or successor-in-interest such as PRA on any "Total Now Due" due but unpaid to Capital One Bank (USA) N.A. and any assignee or successor-in-interest such as PRA.

29. Pursuant to the aforementioned agreement, Capital One Bank (USA) N.A. and any assignee or successor-in-interest such as PRA had a legal right at any time to collect from

Stewart the aforementioned interest, late charges, and/or other charges which had continued to accrue and continued to be owed to Capital One Bank (USA) N.A. and any assignee or successor-in-interest such as PRA on any "Total Now Due" due but unpaid to Capital One Bank (USA) N.A. and any assignee or successor-in-interest such as PRA.

30. The aforementioned right to collect from Stewart the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Now Due" is not waived by Capital One Bank (USA) N.A. or any assignee or successor-in-interest such as PRA as a result of a failure by either Capital One Bank (USA) N.A. and any assignee or successor-in-interest such as PRA at any point in time to attempt to collect from Stewart the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Now Due".

31. On the date of Exhibit A, PRA may not have had any intention of seeking from Stewart the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Now Due". However, at any time after the date of Exhibit A, PRA had the right to seek from Stewart the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Now Due". In the alternative, at any time after the date of Exhibit A, PRA had the right to sell Stewart's debt to a party who then would exercise the aforementioned right to seek from Stewart the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Now Due".

32. For the above reasons, at any time after the date of Exhibit A, the "Total Now Due" due from Stewart and/or the "Total Now Due" sought from Stewart may have increased due to the aforementioned accrued interest, late charges, and/or other charges. However, Exhibit A failed to notify Stewart that her "Total Now Due" may increase due to the

aforementioned accrued interest, late charges, and/or other charges.

33. For the above reasons, as a result of the aforementioned omission from Exhibit A, Defendant violated 15 USC § 1692g(a)(1) and 15 USC § 1692e by sending Exhibit A to Stewart.

### THIRD CAUSE OF ACTION-CLASS CLAIM

34. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

35. Exhibit A sets forth a "Total Now Due" of $910.87.

36. Exhibit A does not set forth that the "Total Now Due" of $910.87 may increase due to interest, late charges, and/or other charges.

37. Since Exhibit A does not set forth that the "Total Now Due" of $910.87 may increase due to interest, late charges, and/or other charges, "the least sophisticated consumer" could read Exhibit A as meaning that the "Total Now Due" of $910.87 was static and that their payment of $$910.87 would satisfy the debt irrespective of when the payment was remitted.

38. NY CPLR 5001(a) provides as follows:

> "Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion."

39. "[A]n award of pre-decision or pre-verdict interest pursuant to CPLR 5001 on a damages award on a cause of action to recover damages in quantum meruit is mandatory, as it would be on a damages award on a cause of action to recover damages for breach of contract (*citations omitted*)".  Tesser v. Allboro Equip. Co., 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010) and Lee v. Joseph E. Seagram & Sons, Inc., 592 F.2d 39, 41 (C.A.2 (N.Y.),

1979).

40. Stewart owed this past due debt under a theory of contract or quantum meruit and therefore NY CPLR 5001 is applicable to the past due debt set forth in Exhibit A.

41. NY CPLR 5001(b) provides as follows:

> "Interest shall be computed from the earliest ascertainable date the cause of action existed…"

42. Based on the debt being undisputed and the nature of the debt and the date of default, as regards the past due debt set forth in Exhibit A, PRA had a guaranteed right to interest on the "Total Now Due" of $910.87 from the date of Exhibit A or an earlier date.  NY CPLR 5001 (a) and (b), Tesser v. Allboro Equip. Co., 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010), Leroy Callender, P.C. v. Fieldman, 676 N.Y.S.2d 152,154, 252 A.D.2d 468 (N. Y. A. D. 1 Dept., 1998), and Lee v. Joseph E. Seagram & Sons, Inc., 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

43. Based on the above, the "Total Now Due" of $910.87 set forth in Exhibit A was not static. Instead, interest was in fact accruing and owed on the "Total Now Due" of $910.87 set forth in Exhibit A from the date of Exhibit A or earlier than the date of Exhibit A.

44. Based on the above, at any time after the date of Exhibit A, PRA had the right to take the required actions to seek the aforementioned interest that was accumulating after Exhibit A was sent but before the "Total Now Due" of $910.87 set forth in Exhibit A was paid.

45. In the alternative, at any time after the date of Exhibit A, PRA had the right to sell Stewart's debt to a third party and based on the above such third party could take the required actions to seek the interest that accumulated after Exhibit A was sent but before the "Total Now Due" of $910.87 set forth in Exhibit A was paid.

46. For the above reasons, at any time after the date of Exhibit A, the "Total Now Due" due

from Stewart and/or the "Total Now Due" sought from Stewart may have increased due to the aforementioned accrued interest.

47. For the above reasons, as a result of the aforementioned omissions from Exhibit A, Defendant violated 15 USC § 1692g(a)(1) and 15 USC § 1692e by sending Exhibit A to Stewart.

## FOURTH CAUSE OF ACTION-CLASS CLAIM

48. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

49. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## FIFTH CAUSE OF ACTION-CLASS CLAIM

50. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

51. Exhibit A amounted to an unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 USC 1692f, and/or 15 USC 1692f (1).

## CLASS ALLEGATIONS

52. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

53. The classes consist of:

I.      (a) all natural persons (b) who received a letter from PRA dated between April 7, 2016 and the present to collect a past due debt, (c) in a form materially identical or substantially similar to Exhibit A; and/or

II.      (a) all natural persons (b) who received a letter from PRA dated between April 7,

2016 and the present to collect a past due debt regarding a credit card account, (c)

where, as regards the amount of the debt set forth in the letter, the letter set forth

nothing beyond the current amount or Total Now Due of the past due debt.

54. The class members are so numerous that joinder is impracticable. On information and

belief, there are more than 50 members.

55. There are questions of law and fact common to the class members, which common

questions predominate over any questions that affect only individual class members.

56. The predominant common question is whether Defendant's letters violate the FDCPA.

57. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff

has retained counsel experienced in consumer credit and debt collection abuse cases and

class actions.

58. A class action is the superior means of adjudicating this dispute.

59. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against PRA in favor of Plaintiff and the class members for statutory

damages, and costs and attorney's fees; and

2.  Any and all other relief deemed just and warranted by this court.

Dated:          October 26, 2017

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 629-7709

# Portfolio Recovery Associates, LLC

April 7, 2016

**Seller:** CAPITAL ONE BANK (USA) N.A.
**Original Creditor:** CAPITAL ONE BANK (USA) N.A.
**Original Account Number:** 4862367858429592
**Creditor to Whom Debt is Owed:** Portfolio Recovery Associates, LLC.
**Account Number:** 4862367858429592
**Last Payment Date or Default Date:** 11/10/2014

**Total Amount of Debt Due at charge-off:** $910.87
      **Total Amount of Transactions since Charge Off:**
          **Interest:** $0.00
          **Non-Interest Charges/Fees or Balance Adjustments:** $0.00
          **Payments:** $0.00
**Total Now Due:** $910.87

JAMES K STEWART,

Welcome to Portfolio Recovery Associates, LLC ("PRA, LLC")! We want to help you resolve this account, so call us at 1-800-772-1413 for low payment options. If paying off this debt is difficult for you please call anyway, because we have payment options for almost every budget.

PRA, LLC purchased account 4862367858429592 on 03/25/2016. All future payments and correspondence for this account, including credit counseling service payments, should be directed to: Portfolio Recovery Associates, LLC, P.O. Box 12914, Norfolk, VA 23541. **Please call Scott A Houston TOLL FREE at 1-800-772-1413** to discuss payment arrangements.

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

**This communication is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.**
NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION

01L

DEPT 922    2768195616045

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 1   Case 1:17-cv-05066-SJ-SMG   Document 9-1   Filed 10/26/17   Page 2 of 2 PageID #: 51   RECEIVED NYSCEF: 04/06/2017

Re: Account Number: 4862367858429592

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:
i.   The use or threat of violence;
ii.  The use of obscene or profane language; and
iii. Repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:
1.  Supplemental security income (SSI);
2.  Social security;
3.  Public assistance (welfare);
4.  Spousal support, maintenance (alimony), or child support;
5.  Unemployment benefits;
6.  Disability benefits;
7.  Workers' compensation benefits;
8.  Public or private pensions;
9.  Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days.

| **Mail all checks and payments to:**<br>Portfolio Recovery Associates, LLC<br>PO Box 12914<br>Norfolk, VA 23541<br>**Pay us online:**<br>www.portfoliorecovery.com | **Hours of Operation (EST):**<br>8 AM to 11 PM Mon.-Fri.<br>8 AM to 8 PM Sat.<br>11 AM to 11 PM Sun.<br>**E-Mail**<br>help@portfoliorecovery.com |
| --- | --- |

**DISPUTES CORRESPONDENCE ADDRESS:** Portfolio Recovery Associates, LLC, Disputes Department, 140 Corporate Boulevard, Norfolk, VA 23502 or E-Mail: PRA_Disputes@portfoliorecovery.com

**COMPANY ADDRESS:** Portfolio Recovery Associates, LLC, 120 Corporate Boulevard, Norfolk, VA 23502

**QUALITY SERVICE SPECIALISTS AVAILABLE Mon. - Fri. 8 AM to 5 PM (EST)**
Not happy with the way you were treated?  Our company strives to provide professional and courteous service to all our customers.  Contact one of our staff to discuss issues related to our quality of service to you by phone at (866) 925-7109 or by e-mail at qualityservice@portfoliorecovery.com.

**PRIVACY NOTICE:** We collect certain personal information about you from the following sources: (a) information we received from you; (b) information about your transactions with our affiliates, others, or us; (c) information we receive from consumer reporting agencies. We do not disclose any nonpublic personal information about our customers or former customers to anyone, except as permitted by law. We restrict access to nonpublic information about you to those employees and entities that need to know that information in order to collect your account. We maintain physical, electronic and procedural safeguards that comply with federal regulations to guard your nonpublic personal information.

**NOTICE:** If this account is eligible to be reported to the credit reporting agencies by our company, we are required by law to notify you that a negative credit report reflecting on your credit records may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligation.

We are required under state law to notify consumers of the following rights.  This list does not include a complete list of rights consumers have under state and federal laws:

**NEW YORK CITY:** City of New York License Numbers 1096994, 1394695, 1394697, 1394696, 1394698, 1394700, 1394699, 1394694.

# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

JAMES STEWART,                              }
ON BEHALF OF HIMSELF AND                    }
ALL OTHERS SIMILIARLY SITUATED,             }
                                            **}**
                          Plaintiff,        }        Civil Action, File No.
            v                               }        1:17-cv-05120-FB-VMS
                                            }
PORTFOLIO RECOVERY ASSOCIATES, LLC,         }
                                            }
                          Defendant.        }

## COMPLAINT

## DEMAND FOR TRIAL BY JURY

Plaintiff, James Stewart [hereinafter "Stewart"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendant, Portfolio Recovery Associates, LLC ("PRA"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on PRA's regular transaction of business within this district.  Venue in this district also is proper based on PRA possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district.  PRA also derives substantial revenue from services rendered in this district.  The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this

Complaint having occurred in whole or in part in this district.

4.  Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5.  Stewart is a natural person residing at 3216 Crescent Street, Apt. L3, Astoria, NY  11106.

6.  Stewart is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7.  On or about April 14, 2016, PRA sent Stewart the letter annexed as Exhibit A.  Stewart received and read Exhibit A.  For the reasons set forth below, Stewart's receipt and reading of Exhibit A deprived Stewart of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8.  Per statements and references in Exhibit A, PRA sent Exhibit A to Stewart in an attempt to collect a past due debt.

9.  The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued a credit card account by HSBC Bank Nevada N.A. for his individual use, individually incurring charges by using the credit card account for personal, family or household purposes, and then, as an individual, failing to pay for these charges.  PRA, via Exhibit A, attempted to collect this past due debt from Stewart in his individual capacity; and Exhibit A did not refer to any kind of business associated with the account.   Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. PRA is a Delaware Domestic Limited Liability Corporation and a New York Foreign Limited Liability Corporation.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection

Agency License from the New York City Department of Consumer Affairs.  PRA possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

12. Based upon Exhibit A and upon PRA possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of PRA is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone.

13. On Exhibit A, PRA identifies itself as a "debt collector".  Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt' or in connection with the collection of a "debt".

14. Based upon the allegations in the above three paragraphs, PRA is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

15. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

16. Exhibit A set forth a "Total Now Due" of $1,060.54.

17. Any "Total Now Due" resulted from an agreement between Stewart and HSBC Bank Nevada N.A.; and this agreement was set forth in and formed via a contract, a set of terms and conditions, and/or account statements.

18. Pursuant to the aforementioned agreement, interest, late charges, and/or other charges continued to accrue and continued to be owed to HSBC Bank Nevada N.A. and any assignee or successor-in-interest such as PRA on any "Total Now Due" due but unpaid to HSBC Bank Nevada N.A. and any assignee or successor-in-interest such as PRA.

19. Pursuant to the aforementioned agreement, HSBC Bank Nevada N.A. and any assignee or successor-in-interest such as PRA had a legal right at any time to collect from Stewart the aforementioned interest, late charges, and/or other charges which had continued to accrue and continued to be owed to HSBC Bank Nevada N.A. and any assignee or successor-in-interest such as PRA on any "Total Now Due" due but unpaid to HSBC Bank Nevada N.A. and any assignee or successor-in-interest such as PRA.

20. The aforementioned right to collect from Stewart the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Now Due" is not waived by HSBC Bank Nevada N.A. or any assignee or successor-in-interest such as PRA as a result of a failure by either HSBC Bank Nevada N.A. and any assignee or successor-in-interest such as PRA at any point in time to attempt to collect from Stewart the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Now Due".

21. On the date of Exhibit A, PRA may not have had any intention of seeking from Stewart the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Now Due".  However, at any time after the date of Exhibit A, PRA had the right to seek from Stewart the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Now Due".  In the alternative, at any time after the date of Exhibit A, PRA had the right to sell Stewart's debt to a party who then would exercise the aforementioned right to seek from Stewart the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Now Due".

22. For the above reasons, at any time after the date of Exhibit A, the "Total Now Due" from Stewart and/or the "Total Now Due" sought from Stewart may have increased due to the

aforementioned accrued interest, late charges, and/or other charges.  However, Exhibit A did not explain whether interest, or new fees or costs are accruing; and Exhibit A did not set forth what Stewart would need to pay to resolve the debt at any given moment in the future, and did not set forth an explanation of any fees and interest that would cause the "Total Now Due" of $1,060.54 to increase.

23. For the above reasons, Exhibit A did not set forth the amount of the "debt".  <u>Carlin v. Davidson Fink LLP</u> No. 15-3105-cv (2nd Cir., 2017); and <u>Balke v. Alliance One Receivables Mgmt., Inc.</u> 16-cv-5624(ADS)(AKT) (E.D.N.Y., 2017).

24. For the above reasons, as a result of the aforementioned omissions from Exhibit A, Defendant violated 15 USC § 1692g(a)(1) by sending Exhibit A to Stewart.

## SECOND CAUSE OF ACTION-CLASS CLAIM

25. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

26. Exhibit A set forth a "Total Now Due" of $1,060.54.

27. Any "Total Now Due" resulted from an agreement between Stewart and HSBC Bank Nevada N.A.; and this agreement was set forth in and formed via a contract, a set of terms and conditions, and/or account statements.

28. Pursuant to the aforementioned agreement, interest, late charges, and/or other charges continued to accrue and continued to be owed to HSBC Bank Nevada N.A. and any assignee or successor-in-interest such as PRA on any "Total Now Due" due but unpaid to HSBC Bank Nevada N.A. and any assignee or successor-in-interest such as PRA.

29. Pursuant to the aforementioned agreement, HSBC Bank Nevada N.A. and any assignee or successor-in-interest such as PRA had a legal right at any time to collect from Stewart

the aforementioned interest, late charges, and/or other charges which had continued to accrue and continued to be owed to HSBC Bank Nevada N.A. and any assignee or successor-in-interest such as PRA on any "Total Now Due" due but unpaid to HSBC Bank Nevada N.A. and any assignee or successor-in-interest such as PRA.

30. The aforementioned right to collect from Stewart the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Now Due" is not waived by HSBC Bank Nevada N.A. or any assignee or successor-in-interest such as PRA as a result of a failure by either HSBC Bank Nevada N.A. and any assignee or successor-in-interest such as PRA at any point in time to attempt to collect from Stewart the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Now Due".

31. On the date of Exhibit A, PRA may not have had any intention of seeking from Stewart the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Now Due".  However, at any time after the date of Exhibit A, PRA had the right to seek from Stewart the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Now Due".  In the alternative, at any time after the date of Exhibit A, PRA had the right to sell Stewart's debt to a party who then would exercise the aforementioned right to seek from Stewart the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Now Due".

32. For the above reasons, at any time after the date of Exhibit A, the "Total Now Due" due from Stewart and/or the "Total Now Due" sought from Stewart may have increased due to the aforementioned accrued interest, late charges, and/or other charges.  However, Exhibit A failed to notify Stewart that her "Total Now Due" may increase due to the

aforementioned accrued interest, late charges, and/or other charges.

33. For the above reasons, as a result of the aforementioned omission from Exhibit A, Defendant violated 15 USC § 1692g(a)(1) and 15 USC § 1692e by sending Exhibit A to Stewart.

### THIRD CAUSE OF ACTION-CLASS CLAIM

34. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

35. Exhibit A sets forth a "Total Now Due" of $1,060.54.

36. Exhibit A does not set forth that the "Total Now Due" of $1,060.54 may increase due to interest, late charges, and/or other charges.

37. Since Exhibit A does not set forth that the "Total Now Due" of $1,060.54 may increase due to interest, late charges, and/or other charges, "the least sophisticated consumer" could read Exhibit A as meaning that the "Total Now Due" of $1,060.54 was static and that their payment of $$1,060.54 would satisfy the debt irrespective of when the payment was remitted.

38. NY CPLR 5001(a) provides as follows:

> "Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion."

39. "[A]n award of pre-decision or pre-verdict interest pursuant to CPLR 5001 on a damages award on a cause of action to recover damages in quantum meruit is mandatory, as it would be on a damages award on a cause of action to recover damages for breach of contract (*citations omitted*)".  Tesser v. Allboro Equip. Co., 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y.

App. Div., 2010) and <u>Lee v. Joseph E. Seagram & Sons, Inc.</u>, 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

40. Stewart owed this past due debt under a theory of contract or quantum meruit and therefore NY CPLR 5001 is applicable to the past due debt set forth in Exhibit A.

41. NY CPLR 5001(b) provides as follows:

> "Interest shall be computed from the earliest ascertainable date the cause of action existed…"

42. Based on the debt being undisputed and the nature of the debt and the date of default, as regards the past due debt set forth in Exhibit A, PRA had a guaranteed right to interest on the "Total Now Due" of $1,060.54 from the date of Exhibit A or an earlier date.  NY CPLR 5001 (a) and (b), <u>Tesser v. Allboro Equip. Co.</u>, 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010), <u>Leroy Callender, P.C. v. Fieldman</u>, 676 N.Y.S.2d 152,154, 252 A.D.2d 468 (N. Y. A. D. 1 Dept., 1998), and <u>Lee v. Joseph E. Seagram & Sons, Inc.</u>, 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

43. Based on the above, the "Total Now Due" of $1,060.54 set forth in Exhibit A was not static.  Instead, interest was in fact accruing and owed on the "Total Now Due" of $1,060.54 set forth in Exhibit A from the date of Exhibit A or earlier than the date of Exhibit A.

44. Based on the above, at any time after the date of Exhibit A, PRA had the right to take the required actions to seek the aforementioned interest that was accumulating after Exhibit A was sent but before the "Total Now Due" of $1,060.54 set forth in Exhibit A was paid.

45. In the alternative, at any time after the date of Exhibit A, PRA had the right to sell Stewart's debt to a third party and based on the above such third party could take the required actions to seek the interest that accumulated after Exhibit A was sent but before the "Total Now Due" of $1,060.54 set forth in Exhibit A was paid.

46. For the above reasons, at any time after the date of Exhibit A, the "Total Now Due" due from Stewart and/or the "Total Now Due" sought from Stewart may have increased due to the aforementioned accrued interest.

47. For the above reasons, as a result of the aforementioned omissions from Exhibit A, Defendant violated 15 USC § 1692g(a)(1) and 15 USC § 1692e by sending Exhibit A to Stewart.

**FOURTH CAUSE OF ACTION-CLASS CLAIM**

48. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

49. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

**FIFTH CAUSE OF ACTION-CLASS CLAIM**

50. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

51. Exhibit A amounted to an unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 USC 1692f, and/or 15 USC 1692f (1).

**CLASS ALLEGATIONS**

52. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

53. The classes consist of:

I.  (a) all natural persons (b) who received a letter from PRA dated between April 14, 2016 and the present to collect a past due debt, (c) in a form materially identical or substantially similar to Exhibit A; and/or

II. (a) all natural persons (b) who received a letter from PRA dated between April 14, 2016 and the present to collect a past due debt regarding a credit card account, (c) where, as regards the amount of the debt set forth in the letter, the letter set forth nothing beyond the current amount or Total Now Due of the past due debt.

54. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

55. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

56. The predominant common question is whether Defendant's letters violate the FDCPA.

57. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

58. A class action is the superior means of adjudicating this dispute.

59. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against PRA in favor of Plaintiff and the class members for statutory damages, and costs and attorney's fees; and

2.   Any and all other relief deemed just and warranted by this court.

Dated:          October 26, 2017

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 629-7709

# Portfolio Recovery Associates, LLC

April 14, 2016

**Seller:** CAPITAL ONE BANK (USA) N.A.
**Original Creditor:** HSBC Bank Nevada N.A.
**Original Account Number:** 5155970013819905
**Creditor to Whom Debt is Owed:** Portfolio Recovery Associates, LLC.
**Account Number:** 5155970013819905
**Last Payment Date or Default Date:** 11/10/2014

**Total Amount of Debt Due at charge-off:** $1,060.54
        **Total Amount of Transactions since Charge Off:**
                **Interest:** $0.00
                **Non-Interest Charges/Fees or Balance Adjustments:** $0.00
                **Payments:** $0.00
**Total Now Due:** $1,060.54

JAMES K STEWART,

Welcome to Portfolio Recovery Associates, LLC ("PRA, LLC")! We want to help you resolve this account, so call us at 1-800-772-1413 for low payment options. If paying off this debt is difficult for you please call anyway, because we have payment options for almost every budget.

PRA, LLC purchased account 5155970013819905 on 03/25/2016. All future payments and correspondence for this account, including credit counseling service payments, should be directed to: Portfolio Recovery Associates, LLC, P.O. Box 12914, Norfolk, VA 23541. *Please call Orlando Whitfield TOLL FREE at 1-800-772-1413* to discuss payment arrangements.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

**This communication is from a debt collector and is an attempt to collect a debt.**
**Any information obtained will be used for that purpose.**
**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

01L

DEPT 922   3824159516041
PO BOX 4115

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 1 Case 1:17-cv-05120-FB-VMS   Document 8-1   Filed 10/26/17   Page 2 of 2 PageID #: 41 RECEIVED NYSCEF: 04/13/2017

Re: Account Number: 5155970013819905

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:
  i.   The use or threat of violence;
  ii.  The use of obscene or profane language; and
  iii. Repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:
  1. Supplemental security income (SSI);
  2. Social security;
  3. Public assistance (welfare);
  4. Spousal support, maintenance (alimony), or child support;
  5. Unemployment benefits;
  6. Disability benefits;
  7. Workers' compensation benefits;
  8. Public or private pensions;
  9. Veterans' benefits;
  10. Federal student loans, federal student grants, and federal work study funds; and
  11. Ninety percent of your wages or salary earned in the last sixty days.

| Mail all checks and payments to: | Hours of Operation (EST): |
|---|---|
| Portfolio Recovery Associates, LLC | 8 AM to 11 PM Mon.-Fri. |
| PO Box 12914 | 8 AM to 8 PM Sat. |
| Norfolk, VA 23541 | 11 AM to 11 PM Sun. |
| **Pay us online:** | **E-Mail** |
| www.portfoliorecovery.com | help@portfoliorecovery.com |

**DISPUTES CORRESPONDENCE ADDRESS:** Portfolio Recovery Associates, LLC, Disputes Department, 140 Corporate Boulevard, Norfolk, VA 23502 or E-Mail: PRA_Disputes@portfoliorecovery.com

**COMPANY ADDRESS:** Portfolio Recovery Associates, LLC, 120 Corporate Boulevard, Norfolk, VA 23502

**QUALITY SERVICE SPECIALISTS AVAILABLE Mon. - Fri. 8 AM to 5 PM (EST)**
Not happy with the way you were treated? Our company strives to provide professional and courteous service to all our customers. Contact one of our staff to discuss issues related to our quality of service to you by phone at (866) 925-7109 or by e-mail at qualityservice@portfoliorecovery.com.

**PRIVACY NOTICE:** We collect certain personal information about you from the following sources: (a) information we received from you; (b) information about your transactions with our affiliates, others, or us; (c) information we receive from consumer reporting agencies. We do not disclose any nonpublic personal information about our customers or former customers to anyone, except as permitted by law. We restrict access to nonpublic information about you to those employees and entities that need to know that information in order to collect your account. We maintain physical, electronic and procedural safeguards that comply with federal regulations to guard your nonpublic personal information.

**NOTICE:** If this account is eligible to be reported to the credit reporting agencies by our company, we are required by law to notify you that a negative credit report reflecting on your credit records may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligation.

We are required under state law to notify consumers of the following rights. This list does not include a complete list of rights consumers have under state and federal laws:

**NEW YORK CITY:** City of New York License Numbers 1096994, 1394695, 1394697, 1394696, 1394698, 1394700, 1394699, 1394694.

# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

JAMES STEWART,                              }
ON BEHALF OF HIMSELF AND                    }
ALL OTHERS SIMILIARLY SITUATED,             }
                                            }
                              Plaintiff,    }        Civil Action, File No.
                    v                       }        1:17-cv-05617-DLI-CLP
                                            }
PORTFOLIO RECOVERY ASSOCIATES, LLC,         }
                                            }
                              Defendant.    }

## COMPLAINT

## DEMAND FOR TRIAL BY JURY

Plaintiff, James Stewart [hereinafter "Stewart"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendant, Portfolio Recovery Associates, LLC ("PRA"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on PRA's regular transaction of business within this district.  Venue in this district also is proper based on PRA possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district.  PRA also derives substantial revenue from services rendered in this district.  The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this

Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Stewart is a natural person residing at 3216 Crescent Street, Apt. L3, Astoria, NY  11106.

6. Stewart is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about May 12, 2016, PRA sent Stewart the letter annexed as Exhibit A.  Stewart received and read Exhibit A.  For the reasons set forth below, Stewart's receipt and reading of Exhibit A deprived Stewart of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Exhibit A set forth a "Balance of $1,060.54; and immediately above this Exhibit A identified the "original creditor", and the "seller".  Exhibit A also twice referred to the "debt" and "substantiation of the debt".  Additionally, Exhibit A also set forth that Stewart could "Contact Lissette McDonald toll free at 1-800-772-1413 to discuss this account" and set forth that "This is a communication from a debt collector".  Exhibit A also was PRA's response to Exhibit B which was Stewart's response to Exhibit C; each Exhibit related to the same debt; and Exhibit C set forth that "This communication … is an attempt to collect a debt".  For the above reasons, even though Exhibit A sets forth that it "is not an attempt to collect a debt", to the "least sophisticated consumer" or otherwise, Exhibit A was an attempt to collect a debt or was in connection with the collection of a debt.

9. The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued a credit card account by HSBC Bank Nevada N.A. for his individual use, individually incurring charges by using the credit card account for personal, family or household purposes, and then, as an individual, failing to pay for these charges.  PRA, via Exhibit A, attempted to collect this past due debt from Stewart in his individual capacity; and Exhibit A

did not refer to any kind of business associated with the account.   Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. PRA is a Delaware Domestic Limited Liability Corporation and a New York Foreign Limited Liability Corporation.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs.  PRA possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

12. Based upon Exhibit A and upon PRA possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of PRA is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone.

13. On Exhibit A, PRA identifies itself as a "debt collector".  Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt' or in connection with the collection of a "debt".

14. Based upon the allegations in the above three paragraphs, PRA is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

**FIRST CAUSE OF ACTION-CLASS CLAIM**

15. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

16. On or about April 14, 2016, PRA sent Stewart the letter annexed as Exhibit C which was the letter PRA was required to send Stewart per 15 USC 1692g(a).

17. Page 2 of Exhibit C set forth a "disputes correspondence address" of 140 Corporate Boulevard, Norfolk, VA 23502.

18. On or about April 29, 2016, Stewart responded to Exhibit C by disputing the debt as allowed by 15 USC 1692g(a)(3) and (4) and 15 USC 1692g(b) by sending Exhibit B to PRA at the aforementioned "disputes correspondence address".

19. PRA's response to Exhibit B was Exhibit A; but Exhibit A was not a verification of the debt, but instead, for the reasons set forth in paragraph 8 of this Complaint, was an attempt to collect a debt or was in connection with the collection of a debt.

20. Based on the above, PRA violated 15 USC 1692g(b), 15 USC 1692e, and 15 USC 1692e(10) by sending Exhibit A to Stewart.

## SECOND CAUSE OF ACTION-CLASS CLAIM

21. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

22. Exhibit A set forth a "Balance" of $1,060.54.

23. Any "Balance" resulted from an agreement between Stewart and HSBC Bank Nevada N.A.; and this agreement was set forth in and formed via a contract, a set of terms and conditions, and/or account statements.

24. Pursuant to the aforementioned agreement, interest, late charges, and/or other charges continued to accrue and continued to be owed to HSBC Bank Nevada N.A. and any assignee or successor-in-interest such as PRA on any "Balance" due but unpaid to HSBC Bank Nevada N.A. and any assignee or successor-in-interest such as PRA.

25. Pursuant to the aforementioned agreement, HSBC Bank Nevada N.A. and any assignee or successor-in-interest such as PRA had a legal right at any time to collect from Stewart the aforementioned interest, late charges, and/or other charges which had continued to accrue and continued to be owed to HSBC Bank Nevada N.A. and any assignee or successor-in-interest such as PRA on any "Balance" due but unpaid to HSBC Bank Nevada N.A. and any assignee or successor-in-interest such as PRA.

26. The aforementioned right to collect from Stewart the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance" is not waived by HSBC Bank Nevada N.A. or any assignee or successor-in-interest such as PRA as a result of a failure by either HSBC Bank Nevada N.A. and any assignee or successor-in-interest such as PRA at any point in time to attempt to collect from Stewart the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance".

27. On the date of Exhibit A, PRA may not have had any intention of seeking from Stewart the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance".  However, at any time after the date of Exhibit A, PRA had the right to seek from Stewart the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance".  In the alternative, at any time after the date of Exhibit A, PRA had the right to sell Stewart's debt to a party who then would exercise the aforementioned right to seek from Stewart the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance".

28. For the above reasons, at any time after the date of Exhibit A, the "Balance" due from Stewart and/or the "Balance" sought from Stewart may have increased due to the aforementioned accrued interest, late charges, and/or other charges.  However, Exhibit A

failed to notify Stewart that her "Balance" may increase due to the aforementioned accrued interest, late charges, and/or other charges.

29. For the above reasons, as a result of the aforementioned omission from Exhibit A, Defendant violated 15 USC § 1692e by sending Exhibit A to Stewart.

### THIRD CAUSE OF ACTION-CLASS CLAIM

30. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

31. Exhibit A sets forth a "Balance" of $1,060.54.

32. Exhibit A does not set forth that the "Balance" of $1,060.54 may increase due to interest, late charges, and/or other charges.

33. Since Exhibit A does not set forth that the "Balance" of $1,060.54 may increase due to interest, late charges, and/or other charges, "the least sophisticated consumer" could read Exhibit A as meaning that the "Balance" of $1,060.54 was static and that their payment of $$1,060.54 would satisfy the debt irrespective of when the payment was remitted.

34. NY CPLR 5001(a) provides as follows:

> "Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion."

35. "[A]n award of pre-decision or pre-verdict interest pursuant to CPLR 5001 on a damages award on a cause of action to recover damages in quantum meruit is mandatory, as it would be on a damages award on a cause of action to recover damages for breach of contract (*citations omitted*)".  Tesser v. Allboro Equip. Co., 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010) and Lee v. Joseph E. Seagram & Sons, Inc., 592 F.2d 39, 41 (C.A.2 (N.Y.),

1979).

36. Stewart owed this past due debt under a theory of contract or quantum meruit and therefore NY CPLR 5001 is applicable to the past due debt set forth in Exhibit A.

37. NY CPLR 5001(b) provides as follows:

> "Interest shall be computed from the earliest ascertainable date the cause of action existed…"

38. Based on the debt being undisputed and the nature of the debt and the date of default, as regards the past due debt set forth in Exhibit A, PRA had a guaranteed right to interest on the "Balance" of $1,060.54 from the date of Exhibit A or an earlier date.  NY CPLR 5001 (a) and (b), Tesser v. Allboro Equip. Co., 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010), Leroy Callender, P.C. v. Fieldman, 676 N.Y.S.2d 152,154, 252 A.D.2d 468 (N. Y. A. D. 1 Dept., 1998), and Lee v. Joseph E. Seagram & Sons, Inc., 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

39. Based on the above, the "Balance" of $1,060.54 set forth in Exhibit A was not static. Instead, interest was in fact accruing and owed on the "Balance" of $1,060.54 set forth in Exhibit A from the date of Exhibit A or earlier than the date of Exhibit A.

40. Based on the above, at any time after the date of Exhibit A, PRA had the right to take the required actions to seek the aforementioned interest that was accumulating after Exhibit A was sent but before the "Balance" of $1,060.54 set forth in Exhibit A was paid.

41. In the alternative, at any time after the date of Exhibit A, PRA had the right to sell Stewart's debt to a third party and based on the above such third party could take the required actions to seek the interest that accumulated after Exhibit A was sent but before the "Balance" of $1,060.54 set forth in Exhibit A was paid.

42. For the above reasons, at any time after the date of Exhibit A, the "Balance" due from

Stewart and/or the "Balance" sought from Stewart may have increased due to the aforementioned accrued interest.

43. For the above reasons, as a result of the aforementioned omissions from Exhibit A, Defendant violated 15 USC § 1692e by sending Exhibit A to Stewart.

## FOURTH CAUSE OF ACTION-CLASS CLAIM

44. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

45. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## FIFTH CAUSE OF ACTION-CLASS CLAIM

46. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

47. Exhibit A amounted to an unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 USC 1692f, and/or 15 USC 1692f (1).

## CLASS ALLEGATIONS

48. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

49. The classes consist of:

I.      (a) all natural persons (b) who received a letter from PRA dated between May 12, 2016 and the present to collect or in connection with the collection of a past due debt, (c) in a form materially identical or substantially similar to Exhibit A; and/or

II.   (a) all natural persons (b) who received a letter from PRA dated between May 12, 2016 and the present to collect a past due debt or in connection with the collection of a past due debt regarding a credit card account, (c) where, as regards the amount of the debt set forth in the letter, the letter set forth nothing beyond the current amount or balance of the past due debt.

50. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

51. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

52. The predominant common question is whether Defendant's letters violate the FDCPA.

53. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

54. A class action is the superior means of adjudicating this dispute.

55. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against PRA in favor of Plaintiff and the class members for statutory damages, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:       October 26, 2017

/s/ _____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 629-7709

DEPT 922      6659585216056
PO BOX 4115
CONCORD CA  94524



## Portfolio Recovery Associates, LLC

ADDRESS SERVICE REQUESTED

#BWNFTZF #9226659585216056#



JAMES K STEWART
3216 CRESCENT ST APT L3
ASTORIA NY 11106-4116

Re: Portfolio Recovery Associates, LLC ("PRA, LLC")
Account Number: 5155970013819905
SELLER: CAPITAL ONE BANK (USA) N.A.
ORIGINAL CREDITOR: HSBC Bank Nevada N.A.
Balance: $1,060.54

D5

May 12, 2016

Dear JAMES K STEWART,

In response to recent communication with our office regarding the above account, please be aware that you have the right to request substantiation of the debt. In order to make a request for substantiation of this debt, please call us or send your request to:

Portfolio Recovery Associates, LLC Disputes Department, 140 Corporate Blvd., Norfolk, VA 23502.

In the letter please include:

--Name
--Address
--Account Number
--Request for substantiation

**Contact Lissette McDonald toll-free at 1-800-772-1413 to discuss this account.**

**Hours of Operation (EST): 8 AM to 11 PM Mon.-Fri., 8 AM to 8 PM Sat., 11 AM to 10 PM Sun.**

## This is a communication from a debt collector but is not an attempt to collect a debt.

### Notice: See Reverse Side for Important Information

PRAD5-0511-732716082-00045-45



**COMPANY ADDRESS:** Portfolio Recovery Associates, LLC, 120 Corporate Boulevard, Norfolk, VA 23502

**DISPUTES CORRESPONDENCE ADDRESS:** Portfolio Recovery Associates, LLC, Disputes Department, 140 Corporate Boulevard, Norfolk, VA 23502
**DISPUTES DEPARTMENT E-MAIL ADDRESS:** PRA_Disputes@portfoliorecovery.com

**QUALITY SERVICE SPECIALISTS AVAILABLE Mon. - Fri. 8 AM to 5 PM (EST)**
Not happy with the way you were treated?  Our company strives to provide professional and courteous service to all our customers.  Contact one of our staff to discuss issues related to our quality of service to you by phone at (866) 925-7109 or by e-mail at qualityservice@portfoliorecovery.com.

**PRIVACY NOTICE:** We collect certain personal information about you from the following sources: (a) information we received from you; (b) information about your transactions with our affiliates, others, or us; (c) information we receive from consumer reporting agencies. We do not disclose any nonpublic personal information about our customers or former customers to anyone, except as permitted by law. We restrict access to nonpublic information about you to those employees and entities that need to know that information in order to collect your account. We maintain physical, electronic and procedural safeguards that comply with federal regulations to guard your nonpublic personal information.

**NOTICE:** We are required under state law to notify consumers of the following rights. This list does not include a complete list of rights consumers have under state and federal laws:

**NEW YORK CITY:** City of New York License Numbers 1096994, 1394695, 1394697, 1394696, 1394698, 1394700, 1394699, 1394694.

### JAMES K STEWART
32-16 CRESCENT STREET
ASTORIA, NEW YORK 11106
(347) 620-5522

29 APRIL 2016

PRA, LLC
Disputes Department
140 Corporate Boulevard
Norfolk, VA 23502

**Re:** *Account # 5155970013819905*
*Notice of Dispute of Debt*

To Whom It Concerns:

I am in receipt of your letter dated April 14, 2016 regarding an account with a balance of $1,060.54.

I do not think this balance is correct. I therefore request that you provide an explanation of how you have arrived at this amount.

Furthermore, you are asked specifically to NOT contact me by email, telephone, or by US Mail except to the extent required by law (e.g., providing validation of the debt as requested herein).

Thank you,

James K. Stewart

# Portfolio Recovery Associates, LLC

April 14, 2016

**Seller:** CAPITAL ONE BANK (USA) N.A.
**Original Creditor:** HSBC Bank Nevada N.A.
**Original Account Number:** 5155970013819905
**Creditor to Whom Debt is Owed:** Portfolio Recovery Associates, LLC.
**Account Number:** 5155970013819905
**Last Payment Date or Default Date:** 11/10/2014

**Total Amount of Debt Due at charge-off:** $1,060.54
        **Total Amount of Transactions since Charge Off:**
                **Interest:** $0.00
                **Non-Interest Charges/Fees or Balance Adjustments:** $0.00
                **Payments:** $0.00
**Total Now Due:** $1,060.54

JAMES K STEWART,

Welcome to Portfolio Recovery Associates, LLC ("PRA, LLC")! We want to help you resolve this account, so call us at 1-800-772-1413 for low payment options. If paying off this debt is difficult for you please call anyway, because we have payment options for almost every budget.

PRA, LLC purchased account 5155970013819905 on 03/25/2016. All future payments and correspondence for this account, including credit counseling service payments, should be directed to: Portfolio Recovery Associates, LLC, P.O. Box 12914, Norfolk, VA 23541. *Please call Orlando Whitfield TOLL FREE at 1-800-772-1413* to discuss payment arrangements.

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

**This communication is from a debt collector and is an attempt to collect a debt.**
**Any information obtained will be used for that purpose.**
NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION                    01L

DEPT 922    3824159516041
PO BOX 4115

Re: Account Number: 5155970013819905

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:
  i.  The use or threat of violence;
  ii. The use of obscene or profane language; and
  iii. Repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:
  1. Supplemental security income (SSI);
  2. Social security;
  3. Public assistance (welfare);
  4. Spousal support, maintenance (alimony), or child support;
  5. Unemployment benefits;
  6. Disability benefits;
  7. Workers' compensation benefits;
  8. Public or private pensions;
  9. Veterans' benefits;
  10. Federal student loans, federal student grants, and federal work study funds; and
  11. Ninety percent of your wages or salary earned in the last sixty days.

| **Mail all checks and payments to:** | **Hours of Operation (EST):** |
|---|---|
| Portfolio Recovery Associates, LLC | 8 AM to 11 PM Mon.-Fri. |
| PO Box 12914 | 8 AM to 8 PM Sat. |
| Norfolk, VA 23541 | 11 AM to 11 PM Sun. |
| **Pay us online:** | **E-Mail** |
| www.portfoliorecovery.com | help@portfoliorecovery.com |

**DISPUTES CORRESPONDENCE ADDRESS:** Portfolio Recovery Associates, LLC, Disputes Department, 140 Corporate Boulevard, Norfolk, VA 23502 or E-Mail: PRA_Disputes@portfoliorecovery.com

**COMPANY ADDRESS:** Portfolio Recovery Associates, LLC, 120 Corporate Boulevard, Norfolk, VA 23502

**QUALITY SERVICE SPECIALISTS AVAILABLE Mon. - Fri. 8 AM to 5 PM (EST)**
Not happy with the way you were treated? Our company strives to provide professional and courteous service to all our customers. Contact one of our staff to discuss issues related to our quality of service to you by phone at (866) 925-7109 or by e-mail at qualityservice@portfoliorecovery.com.

**PRIVACY NOTICE:** We collect certain personal information about you from the following sources: (a) information we received from you; (b) information about your transactions with our affiliates, others, or us; (c) information we receive from consumer reporting agencies. We do not disclose any nonpublic personal information about our customers or former customers to anyone, except as permitted by law. We restrict access to nonpublic information about you to those employees and entities that need to know that information in order to collect your account. We maintain physical, electronic and procedural safeguards that comply with federal regulations to guard your nonpublic personal information.

**NOTICE:** If this account is eligible to be reported to the credit reporting agencies by our company, we are required by law to notify you that a negative credit report reflecting on your credit records may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligation.

We are required under state law to notify consumers of the following rights. This list does not include a complete list of rights consumers have under state and federal laws:

**NEW YORK CITY:** City of New York License Numbers 1096994, 1394695, 1394697, 1394696, 1394698, 1394700, 1394699, 1394694.